UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHEET METAL WORKERS LOCAL UNION
NO. 46 HEALTH FUND, by Troy Milne, as
Fund Manager, *et al.*,

                Plaintiffs,

          v.

T.J.V. MECHANICAL LLC and TRACY
VERNACCINI,

                Defendants.

**DECISION AND ORDER**

6:24-CV-06281 EAW

---

## <u>INTRODUCTION</u>

Plaintiffs Sheet Metal Workers Local No. 46 Health Fund, Sheet Metal Workers Local No. 46 Annuity Fund, Sheet Metal Workers Local No. 46 Pension Fund, Sheet Metal Joint Apprenticeship and Training Committee of Rochester, New York, and Sheet Metal Workers Local Union No. 46 (collectively, "Plaintiffs") commenced an action on May 7, 2024, alleging that defendants T.J.V. Mechanical LLC and Tracy Vernaccini (collectively, "Defendants") violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") and the Labor-Management Relations Act of 1947, 29 U.S.C. § 141 *et seq.* ("LMRA").  (Dkt. 1).

Pending before the Court is Plaintiffs' motion for default judgment.  (Dkt. 11).  Plaintiffs request judgment in the amount of $81,039.21 from T.J.V. Mechanical LLC and $37,196.87 from Vernaccini.  (Dkt. 11-4 at 5; Dkt. 11-5 at 1-2).  Plaintiffs also request "post-judgment interest at the rate provided for by 28 U.S.C. §[ ]1961(a), together with the

- 1 -

costs and disbursements of this proceeding." (Dkt. 11-4 at 5). For the reasons below, Plaintiff's motion for default judgment (Dkt. 11) is granted.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' complaint and motion papers and are accepted as true given Defendants' default. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . .").

Plaintiffs consist of a labor organization and multiemployer benefit plans. (Dkt. 11-4 at 5). Sheet Metal Workers Local Union No. 46 entered into a collective bargaining agreement with T.J.V. Mechanical LLC requiring "fringe benefit contributions and deductions to Plaintiffs based on hours worked by [Defendants'] employees." (*Id.*). T.J.V. Mechanical LLC "failed to remit $33,795.72 in fringe benefit contributions and deductions to Plaintiffs related to hours worked by [T.J.V. Mechanical LLC's] employees during the period January 1, 2019 through December 31, 2019." (*Id.* at 5-6).

Vernaccini is "an officer and member of" T.J.V. Mechanical LLC. (Dkt. 1 at ¶ 13). Further, Vernaccini "owned, controlled, and dominated the affairs of [T.J.V. Mechanical LLC], . . . acted on behalf of and in the interest of the Corporation, and [] carried on the business of the Defendant Corporation for her own personal ends." (*Id.* at ¶ 42). Vernaccini failed to remit "$24,681.79 in contributions owed to the Plaintiff Funds." (*Id.* at 16).

## PROCEDURAL BACKGROUND

Plaintiffs filed their complaint on May 7, 2024.  (Dkt. 1).  Defendants were personally served on May 18, 2024.  (Dkt. 5; Dkt. 6).  Defendants failed to file a responsive pleading, and the Clerk of Court entered a default against Defendants on June 12, 2024.  (Dkt. 10).

Plaintiffs filed the instant motion for a default judgment on August 5, 2024.  (Dkt. 11).  The Court ordered Defendants to respond by September 3, 2024. (Dkt. 13).  Plaintiffs served a copy of the Court's Order and Plaintiffs' motion papers on Defendants at their last known address.  (Dkt. 12; Dkt. 14).  Vernaccini was granted five extensions of time to respond.  (Dkt. 16; Dkt. 19; Dkt. 21; Dkt. 22; Dkt. 24).  In a letter, she advised she opposes Plaintiffs' pending motion for default judgment and requested an unspecified amount of additional time to retain an attorney to submit a more detailed response.  (Dkt. 25).  The Court rejected this request for yet another extension of time.  (Dkt. 26).

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment.  First, a plaintiff must seek entry of default when a party against whom it seeks affirmative relief has failed to plead or defend in the action.  Fed. R. Civ. P. 55(a).  As noted above, Plaintiffs obtained an entry of default.  (Dkt. 10).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)."  *N.Y. v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b).  "[A] party's default is deemed to constitute a concession of all well pleaded allegations of

liability. . . ." *Cement & Concrete Workers*, 699 F.3d at 234 (quotation omitted); *see also Philip Morris USA Inc. v. 5 Brothers Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) ("Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.").

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258(JS)(AKT), 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)).  The three factors are: (1) "whether the defendant's default was willful"; (2) "whether [the] defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* (citations omitted).  "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotations and citation omitted, alterations in original).  Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

## II.   <u>Willfulness</u>

The Court's first inquiry is whether Defendants' default was willful.  In this, "Defendant's failure to appear, failure to respond to the Complaint, and failure to respond

to the instant motion sufficiently demonstrate willfulness." *Krevat*, 2014 WL 4638844, at

*6 (citation omitted); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998)

("willful" default found when "the conduct of counsel or the litigant was egregious and

was not satisfactorily explained," such as "for flimsy reasons, [failure] to comply with

scheduling orders," or failing to answer a complaint after evading service for months);

*Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02Civ.9044(LTS)(GWG), 2003

WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) ("Defendants, having failed to respond in

any way to the Summons and Complaint or otherwise make any appearance in this action

and having failed to provide any explanation for its failure to defend, have defaulted

willfully.").

       Plaintiffs have submitted proof of service showing that the summons and complaint

were served on Defendants.  (Dkt. 5; Dkt. 6).  Moreover, Plaintiffs' motion for default

judgment and the motion scheduling order were served on Defendants at their last known

address.  (Dkt. 12; Dkt. 14).  Defendants did not respond to the summons and complaint.

While Vernaccini filed multiple requests for an extension of time to respond (Dkt. 15; Dkt.

17; Dkt. 18; Dkt. 23; Dkt. 25) and noted that she opposed the motion for default judgment

(Dkt. 25), Defendants never actually responded to the motion for default judgment.  *See*

*Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry*

*& Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (finding default willful when the

defendants requested extension of time to respond but failed to file a responsive pleading).

Thus, the Court concludes that Defendants' default was willful.

III.    **Meritorious Defenses**

The Court next considers whether Defendants have meritorious defenses to Plaintiffs' claims. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quotation and citation omitted). "While a defendant need not establish his defense conclusively, he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Krevat*, 2014 WL 4638844, at *6 (quotation and citation omitted).

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.*

> The fact that a complaint stands unanswered does not, however, suffice to establish liability on [the] claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.

*Said v. SBS Elecs., Inc.*, No. CV08-3067 RJD JO, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *adopted as modified*, No. 08 CV 3067 RJD JO, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010); *see also Krevat*, 2014 WL 4638844, at *7 ("Even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims.").

Thus, the Court must assess whether Plaintiffs' allegations, accepted as true, demonstrate Defendants committed each cause of action alleged in the complaint.

A. **First Cause of Action**

ERISA Section 515 provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "To establish a violation of Section 515, Plaintiffs must show that Defendant (1) is an employer; (2) is bound by a C[ollective ]B[argaining ]A[greement] that required payment of contributions; and (3) failed to make those contributions." *Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Eng'rs Loc. 14-14B, AFL-CIO v. C.M. Ashland Constr.*, 714 F. Supp. 3d 167, 179 (E.D.N.Y. 2024).

T.J.V. Mechanical LLC is alleged to be an employer within the meaning of ERISA. (Dkt. 1 at ¶ 14). Further, Plaintiffs allege that T.J.V. Mechanical LLC was bound by a collective bargaining agreement that required payment of contributions, and that T.J.V. Mechanical LLC failed to make those contributions. (*Id.* at ¶¶ 19-28). *Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Eng'rs Loc. 14-14B, AFL-CIO by Christian v. BKS-NY, LLC*, No. 18 CIV. 0256 (LDH) (VMS), 2018 WL 4522103, at *3 (E.D.N.Y. Aug. 6, 2018) ("On a motion for default judgment, factual allegations in the complaint that a defendant failed to comply with the payment rules established by the provisions of a collective bargaining agreement are sufficient to establish an ERISA violation."); *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 160 (E.D.N.Y. 2008) ("The allegations in plaintiff's complaint establish the elements

of liability required to state a claim under section 515. . . . Plaintiff alleges that defendant entered into an agreement with the Union under which defendant was obligated to make contributions to the ERISA Plans and that defendant failed to make such contributions.").

In addition to relying on the allegations in the complaint, Plaintiffs submit an affidavit from Troy Milne, Plaintiffs' Fund Manager named in the caption ("Milne"), which states that "[t]he Union and T.J.V. Mechanical LLC are parties to a collective bargaining agreement." (Dkt. 11-1 at ¶ 6; *see also* Dkt. 11-2 at 20-21 (copy of collective bargaining agreement attached to Milne affidavit and addressing fringe benefits). Milne further contends that "T.J.V. Mechanical LLC failed to remit fringe benefit contributions and deductions due for work in covered employment during the period January 1, 2019[,] through December 31, 2019." (*Id.* at ¶ 11). Thus, Plaintiffs' motion for default judgment under ERISA Section 515 is granted.

## B. <u>Second Cause of Action</u>

"Pursuant to Section 302(b)(20) of ERISA, '[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . [such] legal or equitable relief as the court deems appropriate." *C.M. Ashland Constr.*, 714 F. Supp. 3d at 177. "Courts routinely cite this provision to compel an audit of an employer's books and records." *Id.* (citing *Trustees of the Plumbers Loc. Union No. 1 Welfare Fund v. Alessandro Plumbing, Inc.*, No. 16-CV-3866 (RJD) (RER), 2017 WL 3927491, at *2-3 (E.D.N.Y. Apr. 26, 2017), *report and recommendation adopted*, 2016 WL 9632378 (E.D.N.Y. July 12, 2016) (recommending "that the Court grant Plaintiffs' request for an

order requiring [the defendant entity] to submit to an audit of its books and records within 30 days of service of this judgment.")).  "[U]nder Section 209(a)(1) of ERISA, employers have an obligation to maintain certain books and records so that employee benefit plans can review them to determine whether contributions are due."  *Id.*

Plaintiffs argue that the "CBA, Trusts, and Collections Policies obligate Defendants to permit Plaintiffs, on demand, to check, examine and audit their books and records." (Dkt. 1 at ¶ 30).  Plaintiffs attach the "Amended Collections Policy" which states that the "Trustees may at any time check and examine the payroll records of any Employer at any reasonable time at no charge to the Employer."  (Dkt. 11-2 at 132, 143, 154).  Plaintiffs also attach an "Amendment to Collections Policy" which notes that the "Trustees may at any time check and examine the payroll records of any Employer at any reasonable time." (*Id.* at 148, 159).  In his affidavit, Milne states that Defendants are parties to a collective bargaining agreement and bound by the terms and conditions of the agreement and the Collections Policy.  (Dkt. 11-1 at ¶¶ 6, 8).

Plaintiffs contend that Defendants have failed to produce their books and records for the year 2016 and the period extending from January 2019 to May 7, 2024, despite Plaintiffs' request.  (Dkt. 1 at ¶¶ 34-35).  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Regal USA Concrete, Inc.*, No. 23-CV-1209-MKB-SJB, 2024 WL 79671, at *4 n.3 (E.D.N.Y. Jan. 8, 2024), *report and recommendation adopted*, No. 23CV1209MKBSJB, 2024 WL 748399 (E.D.N.Y. Feb. 23, 2024) ("the failure to respond to the Complaint entitles an inference that the audit demand was ignored and a

breach occurred"). Thus, Plaintiffs' motion for default judgment is granted as to the requirement that Defendants allow Plaintiffs to audit their books.

### C.  <u>Third Cause of Action</u>

"Under ERISA § 404(a)(1)(A), a fiduciary must act for the 'exclusive purpose of . . . providing benefits to participants and their beneficiaries[ ] and defraying reasonable expenses of administering the plan.'" *Carlisle v. Bd. of Trustees of Am. Fed'n of N.Y. State Teamsters Conf. Pension & Ret. Fund*, No. 8:21-CV-00455 (BKS/DJS), 2025 WL 438123, at *20 (N.D.N.Y. Feb. 7, 2025) (quoting 29 U.S.C. § 1104(a)(1)(A)). Additionally, ERISA § 404(a)(1)(D) requires a fiduciary to act "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). "To plausibly plead a duty of loyalty claim under ERISA, a plaintiff must allege facts showing that the fiduciary in question acted purposely—or with the goal—of providing benefits to itself or someone else." *Carlisle*, 2025 WL 438123, at *20 (quoting *Brown v. Daikin Am., Inc.*, No. 18-cv-11091, 2021 WL 1758898, at *5 (S.D.N.Y. May 4, 2021) (internal quotation marks omitted)).

### 1.  <u>Was Vernaccini a Fiduciary?</u>

"In every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). ERISA identifies an individual as "a fiduciary with respect to a plan to the extent" the individual "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting

management or disposition of its assets" or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). "Congress intended ERISA's definition of fiduciary 'to be broadly construed[,]' and '[u]nlike the common law definition under which fiduciary status is determined by virtue of the position a person holds, ERISA's definition is functional." *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997). Accordingly, "'a person may be an ERISA fiduciary with respect to certain matters but not others'; fiduciary status exists only 'to the extent' that the person 'has or exercises the described authority of responsibility' over a plan." *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014) (quoting *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1259 (2d Cir. 1987)).

Plaintiff must establish that Vernaccini exercised a level of control sufficient to deem her a fiduciary. *See Int'l Bhd. of Elec. Workers Loc. 106 v. Marker Elec. Contracting, Inc.*, No. 16-CV-932-FPG, 2018 WL 4327815, at *5 n.4 (W.D.N.Y. Sept. 10, 2018) ("[T]he Second Circuit has made clear that 'an individual cannot be held liable for corporate ERISA obligations solely by virtue of his role as officer, shareholder, or manager.'") (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo*, 35 F.3d 29, 33 (2d Cir. 1994) (internal quotation marks omitted)). Plaintiffs assert that Vernaccini was a fiduciary because she "owned, controlled, and dominated the affairs of Defendant Corporation, . . . acted on behalf of and in the interest of the Corporation, and [] carried on the business of the Defendant Corporation for her own personal ends." (Dkt. 1 at ¶ 42). Plaintiffs further allege that Vernaccini withheld contributions, had managerial discretion and control over T.J.V. Mechanical LLC, made all decisions related to T.J.V. Mechanical

LLC, determined how much money would be paid to Plaintiffs, and permitted the commingling of assets with T.J.V. Mechanical LLC's general assets. (*Id.* at ¶¶ 42-46). *Moulton Masonry & Const., LLC*, 779 F.3d at 189 (affirming district court's holding that LLC's owner, officer, and shareholder was personally liable as an ERISA fiduciary based on factual allegations and evidence that owner decided which of the company's creditors to pay, controlled the money owed as benefits contributions, and failed to make contributions to the funds); *LoPresti*, 126 F.3d at 40 ("[T]his Court is convinced that Donald's commingling of plan assets with the Company's general assets, and his use of those plan assets to pay Company creditors, rather than forwarding the assets to the Funds means that he exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.") (internal quotation marks omitted); *Bricklayers Ins. & Welfare Fund v. Tristate Constr. & Masonry, Corp.*, No. 16 CIV. 04545 (MKB) (VMS), 2018 WL 2244701, at *8 (E.D.N.Y. Feb. 9, 2018), *report and recommendation adopted in part, rejected in part*, No. 16CV04545MKBVMS, 2018 WL 1358813 (E.D.N.Y. Mar. 16, 2018) (finding that the defendant was a fiduciary where Plaintiffs alleged that he commingled funds with general assets and exercised control over wage deductions). Thus, Plaintiffs have successfully established that Vernaccini was a fiduciary.

### 2. Did Vernaccini Act with the Goal of Providing Benefits to Herself or Someone Else?

"[A] plaintiff must allege plausible facts supporting an inference that the defendant acted *for the purpose* of providing benefits to itself or someone else." *Patterson v. Morgan*

*Stanley*, No. 16-CV-6568 (RJS), 2019 WL 4934834, at *12 (S.D.N.Y. Oct. 7, 2019) (citation omitted).

Plaintiffs allege that Vernaccini "withheld, permitted the withholding of, or authorized the withholding of contributions to the Funds . . . for her own personal use and benefit." (Dkt. 1 at ¶ 43). Plaintiffs also claim that Vernaccini allowed for the commingling of assets with T.J.V. Mechanical LLC's general assets, using these funds to pay other creditors of T.J.V. Mechanical LLC rather than pay Plaintiffs. (*Id.* at ¶ 46); *Iron Workers Loc. No. 60 Annuity Pension Fund by Robb v. Solvay Iron Works, Inc.*, No. 5:15-cv-54 (BKS/DEP), 2018 WL 2185510, at *15 (N.D.N.Y. May 11, 2018) (finding the defendants breached their duties of loyalty when they used "plan assets for purposes other than the interests of the Plaintiff Funds, and allow[ed] the transfer or diversion of the Plaintiff Funds' assets"); *Grodotzke v. Seaford Ave. Corp.*, 17 F. Supp. 3d 185, 193 (E.D.N.Y. 2014) ("[Defendants] breached their duties by commingling plan assets with company assets and using those monies to pay their creditors instead of forwarding the plan assets to the Funds.").

Plaintiffs have established that Vernaccini acted with the goal of providing benefits to herself or someone else. Accordingly, Defendants' motion for default judgment is granted as to their claim under ERISA § 404(a)(1)(A).

### D.  Fourth Cause of Action

Under ERISA Section 406, "plaintiffs must allege that the defendant is a fiduciary; the defendant caused the plan to engage in one of the prohibited transactions set forth in § 406(a)(1); the transaction was 'between the plan and a "party in interest"' (for

§ 406(a)(1)(A) and (C)) or involved plan assets (for § 406(a)(1)(D)); and the defendant knew or should have known that the transaction was prohibited." *Sacerdote v. N.Y. Univ.*, No. 16-CV-6284 (KBF), 2017 WL 3701482, at *4 (S.D.N.Y. Aug. 25, 2017) (citation omitted). Prohibited transactions include: "(A) sale or exchange, or leasing, of any property between the plan and a party in interest; (B) lending of money or other extension of credit between the plan and a party in interest; (C) furnishing of goods, services, or facilities between the plan and a party in interest; (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan; or (E) acquisition, on behalf of the plan, of any employer security or employer real property." 29 U.S.C. § 1106(a)(1). "Congress defined 'party in interest' to encompass those entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries." *Haley v. Tchrs. Ins. & Annuity Ass'n*, 344 F.R.D. 284, 289 (S.D.N.Y. 2023) (citation omitted).

As determined in Section (III)(C)(1), Vernaccini is a fiduciary. Next, Plaintiffs have alleged that Vernaccini caused the plan to engage in one of the prohibited transactions set forth in ERISA § 406(a)(1). Specifically, Plaintiffs allege that Vernaccini "has dealt with the plan assets in her own interest and/or exchanged property or extended credit from plan assets for her own personal use." (Dkt. 1 at ¶ 57). Further, the transaction was between the plan and a party in interest because Vernaccini is a fiduciary. *Grodotzke*, 17 F. Supp. 3d at 194 ("[D]efendant[s] Luksch and Scott are parties in interest within the meaning of ERISA because both are fiduciaries with respect to the plans."). Finally, Vernaccini knew or should have known that the transaction was prohibited because Vernaccini "withheld, received, and retained the contributions, or allowed the withholding and retention of

contributions." (Dkt. 1 at ¶ 58); *Haley v. Tchrs. Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, 262 (S.D.N.Y. 2019) ("[T]he fiduciary transferor . . . must have knowledge of certain facts underlying the prohibited transaction, but need not have knowledge that the transaction violated ERISA, to be liable under § 406(a)."). For these reasons, Plaintiffs' motion for default judgment is granted as to their claim under ERISA § 406(a).

## IV.    Prejudice

Finally, the Court finds that Plaintiffs would be prejudiced in the absence of a default judgment. *See*, *e.g.*, *Broadcast Music, Inc. v. Bayside Boys, Inc.*, No. 12-CV-03717 (CBA)(VMS), 2013 WL 5352599, at *5 (E.D.N.Y. Sept. 23, 2013) ("[I]n light of the defaulting Defendants' failure to respond and Plaintiffs' efforts to prosecute their case, ignoring the default would prejudice Plaintiffs in that they have expended time and money in prosecuting this case; they deserve an adjudication; and Defendants' infringing conduct is likely ongoing.").

Based on the foregoing, the Court concludes that Plaintiffs are entitled to default judgment.

## V.    Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete*, 699

F.3d at 234. In other words, while "Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory" and instead it lies within a district court's sound discretion to determine "when it is 'necessary and proper' to hold an inquest on damages." *Id.* (quotation and citation omitted).

Of course, "a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Ditech Fin. LLC v. Singh*, No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017). "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 CIV. 1369 LGS AJP, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, No. 12 CIV. 01369 LGS, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

Plaintiffs seek judgment against T.J.V. Mechanical LLC in the amount of "$81,039.21 representing: (a) $33,795.72 in fringe benefit contributions and deductions for work in covered employment during the period January 1, 2019 through December 31, 2019; (b) $40,190.53 in interest related to the delinquency as of July 31, 2024; (c) $2,392.16 in liquidated damages related to the unpaid contributions and deductions; and (d) $4,660.80 in attorneys' fees and costs as of July 23, 2024." (Dkt. 11-5 at 1). Plaintiffs

seek judgment against Vernaccini in the "sum of $37,196.87 representing: (a) $23,921.65 in fringe benefit contributions for work in covered employment during the period January 1, 2019 through January 31, 2020; (b) $8,614.42 in interest related to the delinquency as of July 31, 2024; and (c) $4,660.80 in attorneys' fees and costs as of July 23, 2024." (*Id.* at 2). Plaintiffs also seek interest from both Defendants under 28 U.S.C. § 1961(a). (*Id.*). Based on the evidence provided, Plaintiffs have failed to carry their burden to establish damages with reasonable certainty.

Plaintiff proffers the affidavit of Milne. Milne avers to the fees and costs owed by Defendants. (*See* Dkt. 11-1). Milne states that "the employer is liable for the fringe benefit contributions and deductions plus the following: (1) interest on the unpaid and untimely paid Local 46 Funds contributions, calculated at the rate of twenty four percent (24%) per annum; (2) the greater of interest on the unpaid and untimely paid contributions due to the Local 46 Funds or liquidated damages equal to ten percent (10%) of the unpaid and untimely paid Local 46 Funds contributions; plus (3) interest on the unpaid and untimely paid JATC contributions, calculated at the rate prescribed by ERISA [29 U.S.C. §[ ]1132(g)(2)]; plus (4) interest again on the unpaid and untimely paid JATC contributions as and for liquidated damages; (5) interest on the unpaid and untimely dues deductions, calculated at the rate of nine (9%) per annum; plus (6) interest on the unpaid and untimely paid vacation monies, calculated at the rate of nine percent (9%) per annum; plus (7) interest on the unpaid and untimely paid SMACNA monies, calculated at the rate of nine percent (9%) per annum; plus (8) costs and fees of collection, audit fees, and attorneys' and paralegal fees." (*Id.* at ¶ 10). Milne contends that "T.J.V. Mechanical LLC owes the

Funds and Union: (a) $33,795.72 in fringe benefit contributions and deductions for work in covered employment during the period January 1, 2019 through January 31, 2020; (b) $40,190.53 in interest related to the delinquency as of July 31, 2024; and (c) $2,392.16 in liquidated damages." (*Id.* at ¶ 12). He also alleges that "Vernaccini, individually, owes the Funds: (a) $23,921.65 in fringe benefit contributions for work in covered employment during the period January 1, 2019 through January 31, 2020; (b) $8,614.42 in interest related to the delinquency as of July 31, 2024." (*Id.* at ¶ 15).

While these numbers align with the numbers in the complaint, Plaintiffs also attach a copy of the audit for T.J.V. Mechanical LLC and spreadsheets showing the calculation of the amounts owed. The audit shows that T.J.V. Mechanical LLC did not pay $33,795.72 in fringe benefit contributions and deductions for work in covered employment "for the year ended December 31, 2019." (Dkt. 11-2 at 164). According to the spreadsheets showing the calculation of the amounts owed, T.J.V. Mechanical LLC owes $35,101.10 in monthly interest as of July 31, 2024. (*Id.* at 167 (calculated by adding the amounts in each cell under monthly interest owed, as of July 31, 2024)). The spreadsheet also shows that T.J.V. Mechanical LLC owes $2,951.87 in liquidated damages. (*Id.* (calculated by adding the amounts in each cell under monthly liquidated damages owed). Further, in the spreadsheet, Plaintiffs highlight several numbers: $64,619.73 in the amount owed at end of month including interest, $8,944.12 in the amount owed at end of month including interest, and $422.40 in the amount owed at end of month including interest. The Court is unable to ascertain the significance of these highlighted numbers and Plaintiffs have failed to explain how they reached these numbers. Plaintiffs do not support the numbers reached

for Vernaccini with any exhibits nor do they explain how they reached the damages number for Vernaccini.

"In ERISA cases seeking an award of damages after a finding of liability, Courts frequently rely solely on the affidavits, reports, and other documentary evidence submitted by plaintiffs." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs , Loc. 15, 15A, 15C & 15D, AFL-CIO v. Rizzo Env't Servs. Corp.*, No. 22-CV-00556 (NGG) (LB), 2022 WL 1460585, at *4 (E.D.N.Y. May 9, 2022). But where the damage amounts listed in the affidavit and documentary evidence are not the same, Plaintiffs have not proven damages to a reasonable certainty. *Louis Hornick & Co. v. Darbyco, Inc.*, No. 12CV5892 (VSB) (DCF), 2015 WL 13745787, at *6 (S.D.N.Y. Aug. 19, 2015), *report and recommendation adopted*, No. 12-CV-5892 (VSB), 2015 WL 9478239 (S.D.N.Y. Dec. 29, 2015) (where the damages in plaintiff's complaint and exhibits do not match, the court is prevented "from determining that the claim for damages has been established with reasonable certainty").

Accordingly, the Court is not in a position to award damages.[1]  Plaintiffs are granted leave to file substantiating documentation to cure the deficiencies stated herein regarding damages.

---

[1]    Plaintiffs also request attorneys' fees and costs, and the submission appears to adequately support that request.  (*See* Dkt. 11-3).  But because those fees are likely to increase with any additional submission and because the Court is not yet in a position to assess damages, it defers resolving the issue of attorneys' fees at this stage.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for default judgment (Dkt. 11) is granted. But because the Court is unable to assess damages based on Plaintiffs' submissions, they are hereby directed to submit within thirty (30) days a supplemental application detailing the amount of damages and basis for those damages and file proof of service of the same on Defendants.

Plaintiffs shall serve a copy of this Decision and Order on Defendants at their last known address and shall file proof of service of the same.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    March 17, 2025
          Rochester, New York